UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS STEFANIK,                        )
                    Plaintiff,          )
                                        )
          v.                            )          Civil Action No. 03-30240-MAP
                                        )
WILLIAM H. ABRASHKIN, et al.,           )
                    Defendants          )


REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915
December 12, 2003

NEIMAN, U.S.M.J.

Thomas Stefanik ("Plaintiff"), proceeding *pro se*, brings this civil rights action

against the Honorable William Abrashkin, a Housing Court judge; Curtis Shaird, a clerk-

magistrate at that court; his former landlords, Michael Croteau and FKC Realty Trust (the

"Landlord Defendants"); James Donnelly, counsel for the Landlord Defendants; and James

Kane, a constable (collectively "Defendants").  Because Plaintiff seeks to file his complaint

without prepayment of the filing fee, a summons has not issued in order to allow the court

to review the complaint to determine if it satisfies the substantive requirements of the

federal *in forma pauperis* statute.  *See* 28 U.S.C. § 1915.

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks

to proceed without prepayment of fees if the action lacks an arguable basis either in law or

in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim

on which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief, *see* 28 U.S.C. § 1915(e)(2).  *In forma pauperis* complaints may

be dismissed *sua sponte* and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. *Id.*; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The instant matter has been referred to the court for a report and recommendation pursuant to District Judge Michael A. Ponsor's standing order dated August 5, 2002. *See also* 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court will recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e).

I. BACKGROUND

Plaintiff's *pro se* complaint is entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Still, his submissions are difficult to comprehend.

It appears that in early April 2003, the Housing Court issued judgment in favor of the Landlord Defendants in eviction proceedings brought by them. (Complaint ¶ 3.) Plaintiff seems to claim that he sought to appeal this decision and to have the required appeal bond waived. (*Id.*) Plaintiff alleges that on April 29, 2003, defendants Abrashkin and Shaird issued a writ of execution, but that the issuance of this writ was contrary to Mass. Gen. Laws ch. 239, § 5, which purportedly prevents issuance of such a writ until after the appropriate appellate court had rendered a decision. (*Id.* ¶¶ 1-6.) Plaintiff also asserts that on April 30, 2003, defendant Kane, a constable, served the writ and that the writ directed Plaintiff to vacate the premises in question before May 5, 2003. (*Id.* at ¶ 8.) Plaintiff claims that these events violated his Fourteenth Amendment due process rights

2

and that he has suffered emotional distress.  (*Id*.)  This is not the first time Plaintiff has made these types of claims.[1]

## II. DISCUSSION

Upon review, the court suggests that, to the extent Plaintiff may be seeking to appeal the Housing Court decision, no federal jurisdiction exists over Plaintiff's causes of action.  The court also believes that Judge Abrashkin, Clerk-Magistrate Shaird and Constable Kane all fall within the bounds of judicial immunity.  In addition, the court believes that Plaintiff's claims against the Landlord Defendants -- and, indeed, all Defendants -- must fail because Plaintiff had adequate post-deprivation remedies.  Finally, to the extent any state law causes of action remain, the court suggests that supplemental jurisdiction not be exercised.

### A. Federal Court Jurisdiction

Lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the *Rooker-Feldman* doctrine.  *See Hill v. Town of Conway*, 193 F.3d 33, 34 (1st Cir. 1999) (citing *Wang v. New Hampshire Bd. of*

---

[1]  In March of 2000, the court dismissed a due process challenge Plaintiff directed at certain county commissioners. *See Stefanik v. Hampden County Comm'n*, Civil Action No. 98-30133-MAP.  Also, in1996, Plaintiff filed at least two civil lawsuits within this district challenging actions taken by several state actors at the Hampden County House of Correction.  *See Stefanik v. Hampden County Commissioners*, Civil Action No. 96-30135-MAP;  *Stefanik v. Ashe*, Civil Action No. 96-30235-FHF.  In addition, in February of 2000, the court dismissed a 1998 action brought by Plaintiff in which it was revealed that, since 1994, he has commenced no fewer than twenty-one civil lawsuits, including many raising constitutional challenges directed at state or county individuals or entities. *See Stefanik v. NYNEX Corp*., Civil Action No. 98-30106-MAP (Document No. 55) (compiling cases).

*Registration*, 55 F.3d 698, 703 (1st Cir. 1995)).[2]  The jurisdiction to review state court

decisions lies exclusively with superior state courts and, ultimately, the United States

Supreme Court.  *See Feldman*, 460 U.S. at 482-86; *Rooker*, 263 U.S. at 415-16.  That

appears to be the case here as well.

The *Rooker-Feldman* doctrine precludes a federal action if the relief requested in

that action would effectively reverse a state court decision or void its holding or if the

plaintiff's claims are "inextricably intertwined" with the state court's decision.  *See District*

*of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 286 (1983) ("Federal district

courts do not have jurisdiction over challenges to state-court decisions in particular cases

arising out of judicial proceedings even if those challenges allege that the state court's

action was unconstitutional.") (internal quotation marks omitted).  *See also Johnson v. De*

*Grandy*, 512 U.S. 997, 1005-06 (1994) (*Rooker-Feldman* doctrine bars "a party losing in

state court . . . from seeking what in substance would be appellate review of the state

judgment in a United States District Court, based on the losing party's claim that the state

judgment itself violates the loser's federal rights); *Mandel v. Town of Orleans*, 326 F.3d

267, 271 (1st Cir. 2003) (*Rooker-Feldman* doctrine precludes a lower federal court from

entertaining a proceeding to reverse or modify a state-court judgment or decree to which

the assailant is a party).  A federal claim is "inextricably intertwined" with the state-court

---

[2]  The *Rooker-Feldman* doctrine is a distillation of two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).   *See Hill*, 193 F.3d at 34 n.1 (describing history of doctrine).

judgment if the federal claim succeeds only to the extent that the state court wrongly

decided the issues before it.  *Hill*, 193 F.3d at 39.  Accordingly, to the extent that Plaintiff's

complaint may be read as attempting to appeal the decision of the Housing Court to this

court or to claim that the Housing Court wrongly issued the writ of execution, it is subject to

dismissal under the *Rooker-Feldman* doctrine.  *See Dickerson v. Leavitt Rentals*, 995 F.

Supp. 1242, 1246-47 (D. Kan. 1998) (district court lacked subject-matter jurisdiction over

plaintiff's eviction-proceeding claims).  *See also Hill*, 193 F.3d at 34-35.  (*Rooker-*

*Feldman* doctrine precluded purportes constitutional challenge which is really an attempt

to undercut state court decisions).

B.  Immunity

     With regard to Defendants' immunity argument, the court separately addresses the

allegations targeting Judge Abrashkin, Clerk-Magistrate Shaird and Constable Kane.

These three are clearly state actors.

     1.  Defendant Abrashkin

     To the extent that Plaintiff asserts claims against Judge Abrashkin based on

Plaintiff's dissatisfaction with the manner in which the Housing Court action was decided,

the doctrine of absolute judicial immunity requires dismissal.  The doctrine of judicial

immunity protects judges from suit for any normal and routine judicial act.  *See, e.g.,*

*Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity

from suit, not just from the ultimate assessment of damages."); *Pierson v. Ray*, 386 U.S.

547, 553-54 (1967) (absolute judicial immunity protects integrity of judicial process); *Cok*

5

*v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (citation omitted) (same).  Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity.  *Cok*, 876 F.2d at 2.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (scope of judge's jurisdiction construed broadly).

Even, as here, where a plaintiff alleges that a judge conspired with one party to rule against it, or that a decision was legally incorrect, such allegations do not pierce the immunity extended to judges.  *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996); *cf. Stump*, 435 U.S. at 356-57 (alleged erroneous, malicious acts).  Thus, Plaintiff's claims against Judge Abrashkin must be dismissed because his allegations are based solely on judicial acts.  *See Stump*, 435 U.S. at 356-57; *Pierson*, 386 U.S. at 553-54; *Jefferson v. City of Hazlehurst*, 936 F. Supp. 382, 387 (S.D. Miss. 1995) (judicial immunity protects judge from liability for acts or omissions in exercise of his judicial function or capacity within limits of his jurisdiction) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)).

2. Defendant Shaird

Employees of a court, such as Clerk-Magistrate Shaird, have quasi-absolute judicial immunity when they perform tasks that are an integral part of the judicial process. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772 (3rd Cir. 2000) (deputy court administrator); *Mullis v. United States Bankr. Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks and deputy clerks).  *See also Moore*, 96 F.3d at 1245 (law clerks have judicial immunity because their duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function).  Here,

6

Plaintiff makes no allegations concerning Shaird which indicates that he was not performing integral judicial tasks.  Thus, Plaintiff's claims against Shaird are subject to dismissal based on judicial immunity.  *See Gallas*, 211 F.3d at 772; *Moore*, 96 F.3d at 124.  *Cf. Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989) (danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts -- alleging as here a conspiracy between the adjunct and the judge -- warrants this extension of judicial immunity to these persons).

3. <u>Defendant Kane</u>

Officials assigned to carry out a judge's orders, such as sheriffs or constables who serve process and execute judicial writs, *see* Mass. Gen. Laws ch. 37, § 11, and ch. 41, § 94, are also entitled to absolute judicial immunity.  *See Dickerson*, 995 F. Supp. at 1249. *See also Valdez v. City and County of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989) ("Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel.  A lesser degree of immunity could impair the judicial process."). Accordingly, Plaintiff's claims here against Constable Kane are subject to dismissal.  *See Slotnick v. Garfinkle*, 632 F.2d 163, (1st Cir. 1980) (dismissing claims against sheriff).  *Cf. Mutzner v. Comptroller of City of New York*, 1995 WL 495803, at *6 (S.D.N.Y. Aug. 18, 1995) (granting summary judgment, because even if state court had erred in issuing writ, no reasonable juror could find that the Sheriff was unreasonable in believing that the writ

was valid given that a duly authorized court had affirmed the writ's validity after the parties had a full and fair opportunity to be heard).

C. Adequate Post-Deprivation Remedies

It is doubtful that the Landlord Defendants and their counsel are "state actors."[3] Even were they, Plaintiff's procedural due process claims against them, as well as the other defendants, must fail because Plaintiff has adequate post-deprivation remedies.

Under the *Parratt-Hudson* doctrine,[4] when government actors engage in "random and unauthorized conduct" not amenable to a pre-deprivation hearing, a litigant cannot state a claim for a procedural due process violation if adequate post-deprivation remedies exist.  *See Lowe v. Scott, Inc.*, 959 F.2d 323, 340 (1st Cir. 1992).  A defendant's alleged actions are "random and unauthorized" if a state statute requires certain procedural

---

[3]  The mere filing of an action in state court is insufficient to make a private party a "state actor" for purposes of Section 1983.  *See Casa Marie, Inc. v. Superior Court of Puerto Rico*, 988 F.2d 252, 258 (1st Cir. 1993) (enforcement of zoning ordinances and restrictive covenants) (citing *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).  *See also Fallis v. Dunbar*, 532 F.2d 1061, 1061 (6th  Cir. 1976) (filing of an eviction proceeding in a municipal court was not state action under § 1983).  Moreover, allegations of improper motives and misrepresentations on the part of a party in a state statutory proceeding are insufficient to demonstrate "state action" for a Section 1983 claim.  *See Gonzalez-Morales*, 221 F.3d at 51.  *Accord Jones v. Poindexter*, 903 F.2d 1006, 1010-11 (4th Cir. 1990) (private party misuse of state process to enforce judgments); *Roudybush v. Zabel*, 813 F.2d 173, 17 (8th Cir. 1987) (private party violation of post-judgment procedural statute); *Dahlberg v. Becker*, 748 F.2d 85, 90-91 (2d Cir. 1984) (private party's intentional violation of New York's contempt law); *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir. 1984) (private party misuse of state seizure statute); *Loyd v. Loyd*, 731 F.2d 393, 398-399 (7th Cir. 1984) (private party misuse of state probate procedures).

[4]  The *Parratt-Hudson* doctrine is based on two Supreme Court rulings, *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniel v. Williams*, 474 U.S. 327, 330-331 (1986).

protections and the defendants allegedly fail to provide them.  *See Brown v. Hot, Sexy &*

*Safer Prods., Inc.,* 68 F.3d 525, 538 (1st Cir. 1995).  *See also Herwins v. City of Revere*,

163 F.3d 15, 19 (1st Cir. 1998) (noting that if housing inspector had properly followed city

procedure, violation never would have occurred).

Even assuming here that the writ of execution was invalid because it should not

have issued pending Plaintiff's petition for bond review, there is nothing to suggest that the

available remedies provided by Massachusetts law fail to satisfy due process.  For

example, Plaintiff could have informed the appeals court about the issuance of the writ and

sought review at that time.  *See* Mass. Gen. Laws ch. 239, § 5 (if motion for waiver of

appeal bond is made, no execution shall issue until the expiration of six days from the

court's decision on the motion or until the expiration of time for the taking of appeals,

whichever is later).  In the alternative, Plaintiff might have brought an action against the

state officials pursuant to the Massachusetts Tort Claims Act.  *See Wolf-Lillie v. Sonquist*,

699 F.2d 864, 871 (7th Cir. 1983) (dismissing improper eviction claims because

Wisconsin law provided for suit against state and municipal officials).  Thus, under the

*Parratt-Hudson* doctrine, Plaintiff has failed to state a due process claim.  *See Wolf-Lillie*,

699 F.2d at 871; *Parratt*, 451 U.S. at 543 (adequate remedy existed where State provided

tort claims procedure to recover loss).  Nor, in this court's estimation, can Plaintiff maintain

any federal cause of action.

D.  State-Law Claims

Were the court to adopt this recommendation and dismiss Plaintiff's federal claims

against Defendants, grounds will not exist for federal subject-matter jurisdiction over any

remaining state law claims, e.g., Plaintiff's claim for emotional distress.  Of course, in the

absence of such jurisdiction, the court may still exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(a). The exercise of that jurisdiction, however, is discretionary, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), and a federal court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims when the federal claims drop out of the action before trial. *Martinez v. Colon*, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial); *accord Rose v. Baystate Med. Ctr., Inc.*, 985 F. Supp. 211, 218-219 (D. Mass. 1997) (citations omitted). This court recommends that such supplemental jurisdiction be declined here.

### III. CONCLUSION

For the reasons stated, the court recommends that Plaintiff's complaint be DISMISSED insofar as it fails to satisfy the requirements of 28 U.S.C. § 1915(e).[5]

DATED: December 12, 2003

>                 /s/ Kenneth P. Neiman
>                 KENNETH P. NEIMAN

---

[5] Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).

U.S. MAGISTRATE JUDGE